UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MICHAEL MILLER,                               :     CASE NO. 1:12-CV-02703
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :     OPINION & ORDER
                                              :     [Resolving Doc. No. 1]
RYDER TRUCK RENTAL, INC. *et al.*,            :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Michael Miller filed this action against Ryder Truck Rental in Cleveland, Ohio, and Gallager Bassett of Mechanicsburg, Pennsylvania. In the Complaint, Plaintiff alleges he was injured in a motor vehicle accident. He seeks unspecified relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**I. Background**

Plaintiff's Complaint is very brief. It states in its entirety:

> 4-6-12 Mr. Keene failed to yield right of way causing accident damaging my car. Also physical harm, and emotional distress and lose wages, and medical bills, insurance company and rental ryder truck, Inc failed to complete me.

(Doc. No. 1 at 1). He attaches an intake sheet from either a law firm or an insurance company

which lists some of the details of the collision. It suggests Mark Keene of Copley, Ohio was driving a Ryder Truck when he collided with the Plaintiff's car on South Avenue in Boardman, Ohio on April 6, 2012. (Doc. No. 1-1 at 27). The document suggests Plaintiff's car was "totaled." (Doc. No. 1-1 at 28). Mr. Keene's insurance company is listed as Gallagher Vassett Industries. (Doc. No. 1-1 at 28).

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir.2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship does not exist in this case. Plaintiff alleges he is a resident of the State of Ohio. For jurisdiction to be based on diversity of citizenship, neither of the Defendants can also be residents of the State of Ohio. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)

The citizenship of Ryder Truck Rental, Inc. is unclear from the Complaint. For purposes of determining the existence of diversity jurisdiction, a corporation such as Ryder Truck Rental is deemed to be a citizen of every state by which it has been incorporated, and every state where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1). Plaintiff does not provide any information about the citizenship of Ryder Truck Rental. He indicates only that the corporation

has a location in Cleveland Ohio. A party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Boladian v. UMG Recordings, Inc.*, No. 03-2148, 2005 WL 14981 at 2 (6th Cir. Jan. 3, 2005). That limited information does not create an inference that Ryder Truck Rental, Inc. is considered a citizen of a state other than Ohio.

Gallagher Bassett aka Gallagher Vassett appears to be an insurance company. In an action where an insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, is named as a Defendant while the insured is not named as a party, the insurer is deemed to be a citizen of every state of which the insured is a citizen, every state in which the insurer has been incorporated, and every state where the insurer has its principal place of business. *See* 28 U.S.C. §1332(c)(1)(A)-(C). In this case, the insured, Mark Keene, appears to be a resident of Copley, Ohio. The insurance company would also be a citizen of Ohio under §1332(c)(1)(A). Because both Plaintiff and Gallagher Bassett aka Gallagher Vassett are citizens of the state of Ohio, diversity of citizenship is not complete, and this cannot form the basis of federal court jurisdiction.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir.2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1)

necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir.2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999). Indeed, this standard of liberal construction"requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. He does not identify any legal claims and no causes of action arising under federal law are apparent on the face of the Complaint.

Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Because there is no apparent federal claim reasonably identified in the Complaint, Plaintiff fails to establish federal question jurisdiction over this case.

**IV. Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e), without prejudice to any state law claims Plaintiff may have against the Defendants arising from this incident. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: February 5, 2013                                *s/    James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.